IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCOS LOPEZ,

    Plaintiff,

vs.                                                                   Civ. No. 19-930-KG-KBM

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS, and
JANICE B. SCHRYER, *Deputy District Attorney*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1). He seeks damages on the ground that his state criminal sentence is illegal. Having reviewed the matter *sua sponte*, the Court concludes the claims fail as a matter of law. The Court will dismiss the Complaint with prejudice.

I.     Background

    Plaintiff is incarcerated at the Lea County Correctional Facility (LCCF). (Doc. 1) at 1. The Complaint alleges he was convicted of some unspecified crime in New Mexico's Sixth Judicial District Court. (Doc. 1) at 2, 4. The state criminal docket reflects that in 2013, a jury convicted Plaintiff of criminal sexual contact of a child under thirteen. (Judgment) in Case D-619-CR-2012-00139; *see also United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (courts may take judicial notice of another docket). Although Plaintiff does not indicate what sentence he received, he contends the sentence is illegal. (Doc. 1) at 2. It appears the sentence includes an aggravating-circumstance enhancement under N.M.S.A. § 31-18-15.1(D). *Id.* at 3. Plaintiff alleges the enhancement increased the sentence beyond the "maximum authorized by

law." *Id.* at 2. He also contends the state prosecutors should notified him about the enhancement five days prior to trial. *Id.* at 3. Plaintiff alleges he may have entered a plea, had he known about the potential enhancement. *Id.* at 3, 5.

Based on these facts, the Complaint raises claims for due process violations, false imprisonment, "deliberate indifference" to the allegedly illegal sentence. (Doc. 1) at 2-6. The Complaint names two Defendants: (1) the New Mexico Department of Corrections (NMDOC); and (2) Deputy District Attorney Janice Schryer. *Id.* at 1, 2. Plaintiff seeks $150,000 in damages under 42 U.S.C. § 1983. *Id.* at 7. He obtained leave to proceed in forma pauperis, and the matter is ready for initial review. (Doc. 3).

II.     Standards Governing *Sua Sponte* Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints filed while an individual is incarcerated. *See* 28 U.S.C. § 1915(e). The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). To survive initial review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards that apply

to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

   III.   <u>Discussion</u>

The crux of Plaintiff's Complaint is that Defendants recommended or executed an illegal sentence in violation of Section 1983. (Doc. 1) at 5-6. Relief is only available under that statute when the wrongdoing is attributable to a "'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). As a state agency, the NMDOC does not qualify under that test. *See Blackburn v. Department of Corrections*, 172 F.3d 62, 63 (10th Cir. 1999) ("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983"). Hence, Plaintiff's Section 1983 claims against NMDOC fail.

Any claims against Prosecutor Schryer also are barred. State and federal prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This includes initiating a prosecution, presenting evidence, and participating in sentencing proceedings. *See Nielander v. Board of County Com'rs.,* 582 F.3d 1155, 1164 (10th Cir. 2009); *Blair v. Osborne,* 777 Fed. App'x 926, 929 (10th Cir. 2019) (immunity applies to prosecutor's improper "statements at the sentencing hearing"). Hence, Plaintiff cannot sue Schryer, even if she failed to disclose an enhancement or recommended an illegal sentence.

Even if Plaintiff could successfully sue the Defendants, the requested relief is barred

under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence. *Id.* at 487. The state criminal docket reflects that Plaintiff's criminal judgment has not been vacated and remains intact. *See* Case No. D-619-CR-2012-00139 (dismissing state habeas petition in 2020). Compensating Plaintiff for any illegal sentence would clearly imply that the state criminal judgment is invalid. *See Denney v. Werholtz*, 348 Fed. App'x 348, 351 (10th Cir. 2009) (affirming application of *Heck* to § 1983 claim challenging an "indeterminate [state] sentence"); *Baldwin v. O'Connor*, 466 Fed. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging violations of ... constitutional rights by ... the deputy district attorney").

For these reasons, the Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IV.     The Court Declines to *Sua Sponte* Invite an Amendment

*Pro se* prisoners should normally be given an opportunity to remedy defects in their pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, courts need not invite an amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, amending the Complaint clearly would be futile. As a matter of law, Plaintiff cannot recover money damages from the parties responsible for his state sentence. The Court also cannot modify a state sentence in a Section 1983 action. Challenges to a state sentence must be brought in a 28 U.S.C. § 2254 habeas proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Hence, the Court declines to *sua sponte* order an amendment. The Complaint will be

dismissed with prejudice, but Court will mail Plaintiff a form 28 U.S.C. § 2254 petition. Plaintiff should return the completed form if he wishes to challenge his state criminal sentence in Federal Court.

IT IS ORDERED:

1. Plaintiff's Civil Rights Complaint (Doc. 1) is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
2. The Court will enter a separate judgment closing the civil case.
3. The Clerk's Office shall mail Plaintiff a form 28 U.S.C. § 2254 petition and a form *in forma pauperis* application.

_____
UNITED STATES DISTRICT JUDGE